UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ALAN MUNK, et al.,

    Plaintiffs,

v.

GMAC INSURANCE COMPANY, et al.,

    Defendants.

03:07-CV-00213-LRH-VPC

ORDER

    Presently before the court is a Motion to Remand (# 4[1]) filed by Plaintiffs Alan Munk and Tamrah Munk, individually, and Tamrah Munk as Guardian ad Litem of Tyrell J. Henroid and Tanita Hernandez, minors (collectively, "Plaintiffs"). Defendant, National General Assurance Company ("NGAC"), filed an opposition (# 6), and Plaintiffs replied (# 8).

**I.    Factual Background**

    This action arises out of an automobile accident that occurred on or about August 2, 2004, when a third party struck Plaintiffs' vehicle. (Def.'s Pet. for Removal (# 1), Compl., Ex. A ¶ 7.) The third party had automobile insurance in the amount of $50,000, and Plaintiffs exhausted the per-person/per-accident limits as a result of their injuries. *Id.*

    At the time of the accident, Plaintiffs were insured by Defendants, GMAC Insurance

---

[1]Refers to the court's docket number.

1  Company, National General Insurance Company, and NGAC. *Id.* ¶ 6. The insurance policy
2  contained an Underinsured Motorist provision, which provided: "We agree to pay damages for
3  bodily injury when an insured person is legally entitled to recover from the owner/operator of an
4  uninsured person." *Id.* Upon their exhaustion of the third party's policy limits, Plaintiffs notified
5  the Defendants concerning a potential claim for Underinsured Motorist medical bills and benefits
6  pursuant to the respective provision of their insurance policy. *Id.* ¶ 7.

7  On January 18, 2007, Plaintiffs filed suit in state court alleging breach of contract, bad faith
8  breach of the applied covenant of good faith and fair dealing, and violation of Section 686A.310 of
9  the Nevada Revised Statutes and Section 686A, et seq., of the Nevada Administrative Code. *Id.* ¶¶
10 9-24. Defendant National General Insurance Company removed the case to federal court on May 3,
11 2007. (Def.'s Pet. for Removal (# 1).)

12 **II.    Legal Standard**

13 "Any civil action brought in a State court of which the district courts of the United States
14 have original jurisdiction, may be removed by the defendant . . . to the district court of the United
15 States for the district and division embracing the place where such action is pending." 28 U.S.C.
16 § 1441(a). One instance in which a district court of the United States will have original jurisdiction
17 is where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and
18 interests, and is between citizens of different states. 28 U.S.C. § 1332(a).

19 Where it is not "facially evident from the complaint that more than $75,000 is in
20 controversy, the removing party must prove, by a preponderance of the evidence, that the amount in
21 controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319
22 F.3d 1089, 1090 (9th Cir. 2003); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-
23 04 (9th Cir. 1996). The Ninth Circuit has established that the court will consider facts presented in
24 the removal petition as well as any "summary-judgment-type evidence relevant to the amount in
25 controversy at the time of removal." *Matheson*, 319 F.3d at 1090. Conclusory allegations

26

1  regarding the amount in controversy are insufficient for removal purposes. *Id.* at 1090-91.

2        Punitive damages may also be considered in determining whether the amount in controversy
3  has been satisfied, so long as they are recoverable under the applicable law. *Bell v. Preferred Life*
4  *Assurance Soc'y*, 320 U.S. 238, 240 (1943); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 945
5  (9th Cir. 2001). However, the mere possibility of a punitive damages award is insufficient to
6  establish that the jurisdictional threshold has been met. *Burk v. Med. Sav. Ins. Co.*, 348 F.Supp.2d
7  1063, 1069 (D. Ariz. 2004) (citations omitted). Where the amount of punitive damages a plaintiff
8  is seeking is unclear from the complaint, the defendant must show, by a preponderance of the
9  evidence, that punitive damages will exceed the amount needed to increase the amount in
10 controversy to $75,000. *Id.*

11       The proper procedure for challenging a removal is a motion to remand. Schwarzer,
12 Tashiman & Wagstaff, *Federal Civil Procedure Before Trial* (201 ed.) § 2:1080. An action may be
13 remanded to state court either for lack of subject matter jurisdiction or for any defect in the removal
14 process. 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the
15 right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)
16 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Moreover, the
17 removal statutes are construed restrictively, and any doubts about removability are resolved in favor
18 of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09
19 (1941); *Gaus*, 980 F.2d at 566.

20 **III.     Discussion**

21       In support of their motion to remand, Plaintiffs argue that Defendants have failed to carry
22 their burden of establishing that the amount in controversy meets the jurisdictional threshold. (Pls.'
23 Mot. to Remand (# 4) at 3-4.) In opposing Plaintiffs' motion, NGAC argues that Plaintiffs
24 collectively demanded and received $100,000 compensation from the third party's insurance.
25 (Def.'s Opp'n to Pls.' Mot. to Remand (# 6) at 3.) In addition, NGAC, citing correspondence from

26

Nicole Requa (one of Defendants' claim representatives) to William Jeanney (Plaintiffs' counsel), alleges Plaintiffs have collectively demanded payment in the sum of $50,000 under their UIM provision. *Id.* at 4. In further maintaining that the amount in controversy has been met, NGAC relies on the Complaint, which indicates that Plaintiffs allege three claims against Defendants, and are seeking general and punitive damages. *Id.* In pointing to these facts, with emphasis on Plaintiffs' punitive damages claim, NGAC asserts that Plaintiffs' claims "present this court with an amount in controversy 'in excess of $75,000.'" *Id.* at 1-2.

In the case at hand, the court finds that it is not facially apparent from the Complaint that the amount in controversy exceeds $75,000. Under the Nevada Rules of Civil Procedure, a plaintiff is prohibited from alleging a specific dollar amount for damages in excess of $10,000. Nev. R. Civ. P. 8(a). Plaintiffs initiated this action in the Second Judicial District Court of the State of Nevada, and, in accordance with the rule, Plaintiffs only averred general and punitive damages in excess of ten thousand dollars. (Def.'s Pet. for Removal (# 1), Compl., Ex. A at 6.) While NGAC claims the amount in controversy is met because Plaintiffs allege general, special, and punitive damages pursuant to the three claims asserted in the complaint, (Def.'s Statement Concerning Removal (# 5) at 2), Plaintiffs' damages are generally stated, and it is insufficient for NGAC to rely on such unspecified demands to show the amount in controversy has been met. *See Matheson*, 319 F.3d at 1090; *see also Sanchez*, 102 F.3d at 404. Therefore, there are no allegations in the Complaint indicating that the amount in controversy exceeds the jurisdictional threshold.

When the complaint fails to shed light on whether the amount in controversy meets the jurisdictional requirement, the defendant must show, by a preponderance of the evidence, facts demonstrating that the amount involved in the litigation exceeds $75,000. *Matheson*, 319 F.3d at 1090. Upon reviewing the Complaint and the Notice and Statement of Removal, the court finds that NGAC has failed to meet its burden of showing that the amount exceeds the jurisdictional minimum.

4

In its Opposition brief, NGAC relies, in part, on the fact that Plaintiffs collectively demanded and received $100,000 compensation from the third party's insurance, in arguing that the amount in controversy has been satisfied. (Def.'s Opp'n to Pls.' Mot. to Remand (# 6) at 3.) The documents referred to by NGAC are forms releasing all of Plaintiffs' claims against the third party and settling those claims for specific dollar amounts. (Def.'s Opp'n to Pl.'s Mot. to Remand (# 6), Claims Release Forms, Ex. C.) However, the settlement documents provided by NGAC do not set forth any facts indicating a specific dollar amount that Plaintiffs purport to be demanding in the instant matter. Rather, the documents indicate the amount each Plaintiff received as a result of their settlement with the third-party tortfeasor. Although it is clear that Plaintiffs value their claims in excess of $100,000, as indicated in Plaintiffs' demand letter to the third party's insurance carrier, (Def.'s Opp'n to Pl.'s Mot. to Remand (# 6), Demand Letter, Ex. B), the documents do not indicate additional damages Plaintiffs may be claiming in this separate action. *See* (Def.'s Opp'n to Pls.' Mot. to Remand (# 6), Claims Release Forms, Ex. C.) Because the settlement documents NGAC relies on fail to establish a specific demand on Plaintiffs' part, they are insufficient to demonstrate that the amount has been satisfied.

NGAC next relies on correspondence directed towards Plaintiffs' counsel in maintaining Plaintiffs have demanded payment in the sum of $50,000 under their UIM policy provision. (Def.'s Opp'n to Pls.' Mot. to Remand (# 6) at 3.) Yet, as Plaintiffs correctly state, this correspondence is an inquiry from Defendants as to the value Plaintiffs place on their claims. (Pls.' Reply in Support of Mot. to Remand (# 8) at 2.) Because the documents are not authored by any agent of Plaintiffs, they do not represent the value Plaintiffs place on their claims. As such, the documents are insufficient to establish Plaintiffs' demand satisfies the amount in controversy.

In addition to the above, NGAC argues the implied value of Plaintiffs' punitive damages demand "add[s] sufficient potential value to their claims to satisfy this court's $75,000 jurisdictional floor." (Def.'s Opp'n to Pls.' Mot. to Remand (# 6) at 5.) While punitive damages

1 may be considered in determining the amount in controversy, the mere possibility of such an award
2 is insufficient to establish the amount in controversy has been met.  *Burk*, 348 F.Supp.2d at 1069.
3 Like general damages, NGAC has the burden of proving, by a preponderance of the evidence, that
4 the punitive damages are sufficiently claimed in order to meet the jurisdictional threshold.  *Id.*
5 NGAC fails to cite any evidence indicating the amount of such damages for any Plaintiff.
6 Therefore, NGAC has not met its burden of proof.

      Although NGAC attempts to set forth evidence establishing that Plaintiffs' claims satisfy the jurisdictional amount, NGAC fails to cite any evidence that sheds light on a specific demand made by Plaintiffs.  Thus, the court finds that NGAC's allegations are conclusory and speculative, and as such, they are insufficient to establish that this court has jurisdiction.  *See Matheson,* 319 F.3d at 1090-91.  As a result, NGAC has failed to meet it burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

      IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand (# 4) is hereby GRANTED.  The above-titled action is hereby REMANDED to the Second Judicial District Court of the State of Nevada.

      The Clerk of the court shall mail a certified copy of this order to the clerk of the State court.

      IT IS SO ORDERED.

      DATED this 12th day of February, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE